**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MONIQUE N. WEATHERSPOON**<br>5705 Plata Street<br>Clinton, MD 20735<br><br>v.<br><br>**THOMAS E. PRICE,**<br>Secretary, Department of Health and Human Services,<br>200 Independence Avenue, S.W.<br>Washington, DC 20201,<br><br>Defendant. | Civil Action No. ____________ |

**COMPLAINT**
(Employment Discrimination)

**INTRODUCTION**

1. Plaintiff, Monique N. Weatherspoon, brings this action to redress unlawful employment discrimination perpetrated against her by the United States Department of Health and Human Services in violation of the Rehabilitation Act of 1973 as amended, 29 U.S.C. §§ 701 *et seq.*, when her managers discriminated against her based upon her disabilities by failing to accommodate her known disabilities.

**JURISDICTION**

2. This Court has jurisdiction over the subject matter of this civil action pursuant to 29 U.S.C. §§ 701 *et seq.*, Rehabilitation Act of 1973. Subject matter jurisdiction is also pursuant

to 28 U.S.C. § 1331, as this action arises under the laws of the United States, thereby presenting a federal question.

## VENUE

3. Venue is proper in the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred, and the Defendant is located, has offices, and conducts business in this district, and Plaintiff was assigned to work in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. All of the necessary administrative prerequisites for filing the above referenced claims have been met, as the agency issued a Final Agency Decision on February 21, 2017, which is fewer than 90 days from the date of this filing.

## PARTIES

5. Plaintiff, Monique N. Weatherspoon, is a citizen of the United States and is employed by the U.S Department of Health and Human Services as a Grade 12, Grants Management Specialist in the Division of Discretionary Grants within the Department's Administration for Children and Families.

6. Defendant, Thomas E. Price, is currently the Secretary of Health and Human Services, and as such is the head of the United States Department of Health and Human Services ("DHHS"), a department within the Executive Branch of the government of the United States, which has had more than 600 employees in each of the last 20 months. Defendant Price is sued in his official capacity as head of the DHHS only.

## STATEMENT OF FACTS

7. Since May 2004, Ms. Weatherspoon has served the U.S. Department of Health and Human Services as a Grade 12, Grants Management Specialist in the Division of Discretionary Grants within the Department's Administration for Children and Families. In May 2015, Bridgette Shea Westfall became Ms. Weatherspoon's supervisor.

8. Ms. Weatherspoon suffers from severe uveitis, which causes extreme light sensitivity such that she needs a larger computer monitor and can not drive in sunlight. She also needs to work in a darkened room to better see her computer. Therefore, Ms. Weatherspoon requested, and for three years was granted, an accommodation to work from home as needed. At first, she would let her supervisor, Katrina Morgan, know when she needed to work from home due to a flare-up, but as her condition worsened and this became a regular need, Ms. Morgan allowed her to work from home full time. Ms. Morgan considered Ms. Weatherspoon a solid employee and thus allowed her to work from home full time "because she was communicating with [her] and meeting her performance goals."

9. Ms. Weatherspoon used her personal laptop computer so that she could work remotely. She had a 17" screen which was larger than most of the Defendant's laptops.

10. Sometime in mid-2015, Defendant prohibited employees from using personal computers. Furthermore, Ms. Weatherspoon's condition had worsened. Therefore, in August 2015, Ms. Weatherspoon's physician requested that Defendant provide her with a government laptop computer with a 17" - 18" screen so that she could view the computer screen easier. The accommodation was approved, but the laptop was never given to her.

11. In December 2015, management told Ms. Weatherspoon they did not know where the laptop with the larger screen was. In January 2016, Ms. Weatherspoon traveled to

headquarters to get a laptop but the computer she was given was not set up. When she returned a few days later, the computer was set up but did not have Adobe Acrobat, which was necessary for her to complete her grants duties.

12. In or around January 2016, Defendant provided Ms. Weatherspoon with a laptop, but the screen was only 14 or 15 inches, not 17 as her doctor ordered. Later, the Agency provided her with a larger computer screen that needed to be hooked up in the main area of her home, which was too brightly lit for her to use. Therefore, Ms. Weatherspoon continues to struggle using the smaller laptop computer screen.

13. In addition to being too small for Ms. Weatherspoon to see well, the 14 or 15 inch laptop did not allow her to adjust the contrast in Adobe Acrobat. Accordingly, she was not able to view documents in Adobe and could not perform her duties including the release of grant funds. Despite her request for a way to adjust the contrast in Adobe, the agency did not accommodate her.

14. Instead, on February 23, 2016, Ms. Westfall sent her a threatening letter stating that she had to resolve the IT issue or report to the office the following day. Ms. Weatherspoon made an appointment with the Computer Accommodations Program at the Pentagon for April 19, which was the first appointment available. Thus, it was not until April 2016 that Ms. Weatherspoon learned how to adjust the contrast on Adobe Acrobat so that she could complete her grants management responsibilities.

15. On March 2, 2016, Ms. Weatherspoon complained to Ms. Westfall that she issued her a lowered rating because of her vision impairment. On March 21, 2016, the union followed up Ms. Weatherspoon's complaint of discriminatory performance rating with a formal grievance and request for information.

16. On March 10, 2016, additional computer problems prevented Ms. Weatherspoon from logging onto her computer. She contacted Defendant's helpdesk but did not receive assistance until March 22. Despite her awareness that computer corruption prevented Ms. Weatherspoon from completing her duties, Ms. Westfall charged Ms. Weatherspoon with 40 hours of sick leave for the week of March 15.

17. On March 21, 2016, less than three weeks after Ms. Weatherspoon complained of her discriminatory motive, Ms. Westfall issued Ms. Weatherspoon a letter alleging that her performance was deficient despite knowing that her lack of productivity was due to the Agency's ongoing failure to accommodate Ms. Weatherspoon with a functioning computer. In that same threatening letter, Ms. Westfall ordered Ms. Weatherspoon to report to her duty station on March 29, effectively ending her permanent telework accommodation.

18. In May 2016, Ms. Weatherspoon reiterated her request for permanent telework as a reasonable accommodation. Federal Occupational Health recommended that Ms. Weatherspoon's request for 100% telework be granted *if* there was no other practical way besides driving for her to come to the office. Defendant denied the request for 100% telework without asking Ms. Weatherspoon whether there was a practical way for her to commute to the office without driving. Had Ms. Westfall discussed the issue with Ms. Weatherspoon, she would have learned that it was not possible for Ms. Weatherspoon to get to work exclusively through a carpool or metro; some driving was necessitated based on where she lived and where she worked.

## STATEMENT OF CLAIMS

**Claim I: Disability Discrimination/Failure to Accommodate**

19. Defendant violated the Rehabilitation Act by failing to reasonably and effectively accommodate Plaintiff's known physical disabilities.

20. As a direct and proximate result of Defendant's failure to accommodate Plaintiff's disabilities, Plaintiff has experienced and continues to experience pain, suffering, and mental anguish, her medical condition has deteriorated and she has experienced a reduction in career advancement opportunities.

**Claim II: Retaliatory Denial of Telework**

21. Defendant violated the Rehabilitation Act by denying Plaintiff the right to telework based on her complaint of disability discrimination and her request for a larger-screened laptop computer.

22. As a direct and proximate result of Defendant's retaliation, Plaintiff has experienced and continues to experience pain, suffering, and mental anguish, her medical condition has deteriorated and she has experienced a reduction in career advancement opportunities.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter judgment in her favor and against defendant on the claims of unlawful discrimination in violation of the Rehabilitation Act, and provide her with the following relief:

(a) award Plaintiff compensatory damages against Defendant in the amount of $300,000.00, plus interest thereon;

(b) order Defendant to immediately place Plaintiff in a position comparable to the one she now holds with the opportunity to telework;

(c) enjoin Defendant from further discriminating against Plaintiff;

(e) award Plaintiff the costs of bringing and maintaining this civil action and the administrative complaints that necessarily preceded it, including reasonable attorneys' fees; and

(f) reinstate 40 hours of sick leave for Ms. Weatherspoon's use.

(g) award Plaintiff such other and further relief as the interests of justice may require.

**JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues of fact, including the measure of damages.

Respectfully submitted,

Ellen K. Renaud

Ellen K. Renaud
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W.
Suite 205
Washington, DC 20005
Tel (202) 842-0300
Fax (202) 842-1418
EKRenaud@SwickandShapiro.com

Attorney for Plaintiff